**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barbara Gammons, | No. CV-10-8146-PHX-LOA |
| Plaintiff, | **ORDER** |
| vs. | |
| Real Property Investment Services, Inc., an Arizona corporation, doing business as RPI Services, | |
| Defendant. | |

This case comes before the Court on Defendant's Motion to Dismiss Plaintiff's Discharge Claim. (Doc. 8)  Pursuant to Federal Rules of Civil Procedure 12(b)(1) or, alternatively, Rule 12(b)(6), Defendant Real Property Investment Services, Inc. ("RPI") moves the Court to dismiss Plaintiff Barbara Gammons' ("Plaintiff") constructive discharge claim because she allegedly failed to exhaust her administrative remedies. The parties have expressly consented to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Docs. 3-4)  After reviewing the parties' briefing, the Court will deny RPI's Motion.

**I. Background**

On May 20, 2010, Plaintiffs Barbara Gammons and a co-employee filed a Title VII discrimination action, alleging, *inter alia*, claims of  hostile work environment from sexual harassment, and retaliation by their former employer, RPI, in connection with their employment in maintaining and cleaning RPI's residential apartments in Flagstaff, Arizona.

(Doc. 1[1])  Plaintiff filed an Amended Complaint on September 3, 2010, seeking compensatory and punitive damages for violations of Title VII, the Fair Housing Act, and an award for her attorneys' fees and court costs.[2] (Doc. 7)

Plaintiff alleges that while employed in RPI's housekeeping department, she was "subjected to a sexually hostile work environment that was both subjectively and objectively offensive to a reasonable woman . . . [that] was both severe and pervasive in that it happened on a near daily basis." (*Id.* at 2)  The Complaint alleges several specific incidents allegedly committed by Bruce Trease, a co-worker.  Plaintiff alleges "much of the sexual harassment occurred in the presence of Dina Samora, manager, who did nothing to stop the conduct. Additionally, sexually offensive and hostile comments were also made in front of Amy Smith, operations manager, and Gary Wilcox, facilities manager, and nothing was ever done to stop the severe and pervasive sexual harassment." (*Id*. at 3)  Further, when Plaintiff complained about the sexually hostile work environment, RPI allegedly retaliated by ostracizing her from management and some co-workers, reducing her pay and reassigning her to work at "a less desirable property, which also necessitated that she give up the rental unit that was provided as part of her compensation and accept a lesser rental for her place to live." (*Id*.)  The Amended Complaint pleads three causes of action: 1) sexual harassment - hostile work environment, 2) retaliation, and 3) housing discrimination in violation of the Federal Fair Housing Act. (*Id*. at 4-5)  Plaintiff also alleges that she was "constructively terminated." (*Id*. at 7, ¶ 22)

Defendant RPI's Motion to Dismiss alleges that Plaintiff was employed by RPI "from approximately August 20, 2004 to November, 2008." (Doc. 8 at 2)  According to a

---

[1] On August 9, 2010 in CV-10-8081-PHX-LOA, the Court severed the actions due to improper joinder, directed the Clerk of Court to assign a new case number for Plaintiff Barbara Gammons (CV-10-8146-PHX-LOA), and ordered Plaintiffs to file Amended Complaints. (Doc. 26 in CV-10-8081-PHX-LOA)

[2] On July 28, 2010, the Court granted RPI's Motion to Dismiss Plaintiffs' Sixth Cause of Action, dismissing Plaintiffs' State pendent claims of negligent hiring, supervising and retaining as barred by Arizona's workers' compensation scheme. (Doc. 24)

1  copy of Plaintiff's charge of discrimination, attached as Exhibit ("Exh") 1 to RPI's Motion,
2  Plaintiff filed a charge of discrimination with the Equal Employment Opportunity
3  Commission ("EEOC") on April 2, 2007, over 18 months before she submitted a termination
4  letter. On the EEOC's Charge of Discrimination form, *id.*, Exh 1, she claimed discrimination
5  based on age, sexual hostile work environment and retaliation by checking the age,
6  retaliation, and "other" boxes and writing:

> I started work For RPI Sept. 1, 2004[.] Bruce was Transferred to Terrace as Lead Maintenance[.] The Sexual Talk started Shortly after That[.]
>
> Age: I was Told They Took one of my Properties From me because of my age[.]
> Retaliation: I Also Think They moved me because of my discussion About The Hostile work environment And made me move to a smaller Apartment and Take a pay cut.

12  (Doc. 8-1, Exh 1 at 3)  Attached to Defendant's Motion is a copy of Plaintiff's termination
13  letter, dated November 12, 2008, advising RPI that "[t]hat I am giving my notice to terminate
14  my employment as of Friday November 21, 2008. Sincerely,  Barbara Gammons[.]"[3] (*Id.*,
15  Exh 2 at 5)

16  Defendant contends Plaintiff failed to exhaust her administrative remedies
17  "relating to her claim of discriminatory discharge" and, therefore, her constructive discharge
18  claim should be dismissed. (Doc. 8 at 3)  RPI points out that Plaintiff did not amend her
19  original EEOC charges to include, or file a separate subsequent charge of, constructive
20  discharge. Recognizing the general rule that claims of discrimination not included in a
21  timely-filed EEOC charge may not be considered by a district court, RPI also acknowledges
22  the exception that a "new claim (here, constructive discharge) [may be considered if the new
23  claim] is 'like or reasonably related to' the allegations contained in the EEOC charge[,]"

---

[3] Defendant's footnotes are very small, difficult to read and do not comply with LRCiv 7.1(b)(1) ("[A]ll pleadings, motions and other original documents filed with the Clerk shall be in a fixed-pitch type size no smaller than ten (10) pitch (10 letters per inch) or in a proportional font size no smaller than 13 point, *including any footnotes*.") (emphasis added). Defendant's future filings shall comply with LRCiv 7.1(b)(1).

1    citing 42 U.S.C. §§ 2000(e)-5(b),(f)(3) and 16(c); *B.K.B. v. Maui Police Department*, 276
2    F.3d 1091, 1099 (9th Cir. 2002) and *Padilla v. Bechtel Construction Company*, 2007 WL
3    1219737, * 4 (D.Ariz. 2007). (*Id*. at 4)  In analyzing whether an unexhausted claim is "like
4    or reasonably related to" the claims contained in an EEOC charge, RPI correctly indicates
5    that a district court may consider "such factors as the alleged basis of the discrimination,
6    dates of discriminatory acts specified within the charge, perpetrators of discrimination named
7    in the charge, and any locations at which discrimination is alleged to have occurred." *Id*. at
8    5 (quoting *B.K.B*., 276 F.3d at 1100). RPI argues that "[h]ere, these factors indicate that
9    Plaintiff's discriminatory discharge claim is not reasonably related to her EEOC charge.
10   First, the alleged constructive discharge is not temporally related to the incident alleged in
11   the charge. Rather, it occurred 18 months after Plaintiff filed the charge. Next, a constructive
12   discharge is a distinct adverse action from an alleged involuntary transfer[,]" relying upon
13   *Ong v. Cleland*, 642 F.2d, 315, 319-320 (9th Cir. 1981). (*Id.*)  Further, RPI contends that
14   because "[t]he alleged discharge claim was never before the EEOC and Defendant never had
15   notice of an alleged claim of wrongful termination until Plaintiff filed her initial complaint
16   on May 25, 2010, over three (3) years after she filed her EEOC charge[,]" Plaintiff's
17   constructive discharge claim should be dismissed because she failed to exhaust her
18   administrative remedy. (*Id.* at 5-6)

19   Plaintiff disagrees with RPI and argues that construing her charges of
20   discrimination liberally, "Plaintiff's constructive termination from her employment is
21   reasonably related to the other instances of retaliation she brought to the attention of the
22   EEOC." (Doc. 12 at 2)  Arguing "[h]er termination is inextricably intertwined with the facts
23   relating to the retaliation she suffered when she dared to complain about the harassment she
24   was receiving[,]" Plaintiff attaches a copy of the EEOC's December 11, 2009 Determination
25   letter. (Doc. 12-1, Exh 1  at 2)  The Acting District Director Rayford O. Irvin wrote:

26   > I have considered all the evidence obtained during the investigation and find
27   > that there is reasonable cause to believe that there is a violation of Title VII in
> that Respondent [RPI] subjected Charging Party [Plaintiff] to verbal and
> physical sexual harassment and failed to take immediate appropriate corrective
28   > action in response to her complaints allowing the conduct to continue. I also

- 4 -

> find that Respondent discriminated because of her age in violation of the ADEA and retaliated against her for complaining about the sexual harassment when it reduced the properties assigned to her, transferred her and provided her with a contract that reduced her pay and the size and value of her assigned apartment.

*Id*. Without discussing or analyzing the *B.K.B.* factors to determine whether Plaintiff's constructive discharge claim is reasonably related to her EEOC charges, Plaintiff concludes that "[h]er termination is inextricably intertwined with the facts relating to the retaliation she suffered when she dared to complain about the harassment she was receiving." (Doc. 12 at 2) Plaintiff's Response relies exclusively on *Gregory v. Georgia Dept. of Human Resources*, 355 F.3d 1277, 1280 (11th Cir. 2004) ("[w]e hold that the district court did not err in finding that Dr. Gregory's retaliation claim was not administratively barred by her failure to mark the retaliation space on the EEOC template form.")

## II. Relevant Legal Standards

### A. Rule 12(b)(1), Fed.R.Civ.P.

Dismissal is appropriate when a district court lacks subject matter jurisdiction over a claim or lawsuit. Fed.R.Civ.P. 12(b)(1). To establish subject matter jurisdiction over a Title VII claim, a plaintiff must have exhausted her administrative remedies by filing a timely charge with the EEOC. *Vasquez v. County of L.A.*, 349 F.3d 634, 645-46 (9th Cir. 2003).

Subject matter jurisdiction involves the power of a district court to hear the plaintiff's claims in the first place and, therefore, imposes upon a district court an affirmative obligation to ensure that it is acting within the scope of its jurisdictional power. *Casillas v. United States*, 2009 WL 735193, * 7 (D.Ariz. 2009); 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (1990). Because federal courts are courts of limited jurisdiction, it is presumed that an action lies outside the jurisdiction of federal courts unless proven otherwise. *Kokkonen v. Guardian Life Ins*. Co., 511 U.S. 375, 377 (1994). A plaintiff bears the burden of establishing that federal jurisdiction exists. *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001); *Thornhill*

*Publishing Co. v. General Telephone & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

"'A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may . . .'" attack the existence of subject matter jurisdiction as a matter of fact. *National Union Fire Ins. Co. v. ESI Ergonomic Solutions, LLC.*, 342 F.Supp.2d 853, 861 (D.Ariz. 2004) (quoting *Thornhill Publishing*, 594 F.2d at 733). "When a motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Id.* (citing *Federation of African Amer. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996)). Where the jurisdictional issue can be separated from the merits of the case, the district court may consider the evidence presented with respect to the jurisdictional issue, resolving factual disputes if necessary. *Thornhill Publishing*, 594 F.2d at 733. "When the motion is a factual attack on subject matter jurisdiction, a defendant may 'rely on affidavits or any other evidence properly before the Court.'" *National Union*, 342 F.Supp.2d at 861 (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)); *also see Sommatino v. United States*, 255 F.3d 704, 710 n. 3 (9th Cir. 2001) ("In reviewing a motion to dismiss based on lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), the court may consider affidavits or any other evidence properly before the Court."). In the instance of a factual challenge, no presumption of truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the court from evaluating the merits of jurisdictional claims. *Thornhill Publishing*, 594 F.2d at 733.

### B. Rule 12(b)(6), Fed.R.Civ.P.

In a motion to dismiss for failure to state a claim under Fed.R . Civ.P. 12(b)(6), the district court considers the legal sufficiency of Plaintiff's claims. A complaint should not be dismissed unless "it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997) (citing *Parks School of Business v. Symington*, 51 F.3d 1480, 1484 (9th

Cir. 1995)). Dismissal for failure to state a claim can be based on either the "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistren v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). In a Rule 12(b)(6) motion to dismiss "all factual allegations set forth in the complaint are taken as true and construed in the light most favorable to plaintiffs." *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) (citation and internal quotation marks omitted). The district court, however, is not required to accept every conclusion asserted in the complaint as true; rather, the court "will examine whether conclusory allegations follow from the description of facts alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (quoting *Brian Clewer, Inc. v. Pan American World Airways, Inc*., 674 F.Supp. 782, 785 (C.D.Cal. 1986)). Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Gompper v. VISX, Inc*., 298 F.3d 893, 898 (9th Cir. 2002).

**III. The EEOC Administrative Process**

Before filing suit for an employment discrimination claim made unlawful by Title VII, the aggrieved employee must exhaust the employee's administrative remedy by filing a timely and sufficient charge with the appropriate administrative agency and obtain a right-to-sue letter. Title 42 U.S.C. §§ 2000e-5(b), (f)(3), 16(c); *Stache v. Int'l Union of Bricklayers and Allied Craftsmen, AFL-CIO*, 852 F.2d 1231, 1233 (9th Cir. 1988), *cert. denied*, 493 U.S. 815 (1989). A failure of exhaustion in the form of a failure to timely file an administrative claim is not jurisdictional and may be raised as an affirmative defense to the claim. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Thus, a failure to timely file an EEOC charge is "not a jurisdictional prerequisite to filing a Title VII suit. Rather, it is a requirement subject to waiver, estoppel, and equitable tolling 'when equity so requires.'" *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 121 (2002) (citing *Zipes*, 455 U.S. at 398).

Generally, once a complainant has filed a verified charge with the EEOC or equivalent state agency alleging an unlawful employment practice, the EEOC will investigate

1  the claim. Title 42 U.S.C. § 2000e-5(b). If the EEOC determines that reasonable cause exists
2  to support the discrimination charge, it will attempt to reach a voluntary conciliation
3  agreement acceptable to the EEOC.  Title 42 U.S.C. § 2000e-5(f)(1); *Alexander v.*
4  *Gardner-Denver Co.*, 415 U.S. 36, 44 (1974). "[I]f the EEOC is unable or unwilling to
5  resolve the controversy and if no action has occurred after 180 days and the complainant
6  wishes to withdraw the matter from EEOC jurisdiction, the EEOC issues a so-called 'right
7  to sue letter.' Issuance of this letter terminates EEOC jurisdiction and its ability to act and
8  'reactivates' the individual's right to bring a civil action under Title VII." *Kirk v. Rockwell*
9  *Intern. Corp.*, 578 F.2d 814, 823 (9th Cir. 1978) (citations omitted). "If the individual does
10 not file suit within 90 days, however, the right is extinguished." *Id.* (citations omitted).

11            "[T]he administrative charge requirement serves the important purposes of
12 giving the charged party notice of the claim and 'narrow[es] the issues for prompt
13 adjudication and decision.'" *B.K.B.*, 276 F.3d at 1099 (citations omitted); *Garcia v. Los*
14 *Banos Unified School Dist.*, 418 F.Supp.2d 1194, 1212 (E.D. Cal. 2006).

15            "[T]itle VII's purpose [is] eliminating the effects of discrimination in the
16 workplace. . . ." *Johnson v. Transportation Agency, Santa Clara County, California*, 480
17 U.S. 616, 630 (1987). In enacting Title VII, Congress intended the statute's procedural
18 requirements to be liberally construed in order to remedy discrimination in the workplace and
19 to preserve a claimant's federal remedies in discrimination suits. *Laquaglia v. Rio Hotel &*
20 *Casino, Inc*., 186 F.3d 1172, 1177 (9th Cir. 1999) (citing EEOC v. *Commercial Office*
21 *Prods*., 486 U.S. 107, 124 (1988) ( "Title VII . . . is a remedial scheme in which laypersons,
22 rather than lawyers, are expected to initiate the process.")).

23

24 **III. Failure to Exhaust Administrative Remedies**

25            "Although failure to file an EEOC complaint is not a complete bar to district
26 court jurisdiction, substantial compliance with the exhaustion requirement is a jurisdictional
27 pre-requisite." *Leong*, 347 F.3d at 1122 (citing *Sommatino,* 255 F.3d at 708). "[E]xhaustion
28 of administrative remedies is central to the purpose of federal anti-discrimination statutes,

1  which is to provide the EEOC (or equivalent state agency) with a chance to informally
2  resolve employment discrimination claims before resort to litigation." *Devereaux v. East Bay*
3  *Conservation Corp.*, 1998 WL 917798, at * 2 (N.D. Cal. 1998) (quoting, *e.g.*, *Ong*, 642 F.2d
4  at 319) . "[T]he charge must at least describe the facts and legal theory with sufficient clarity
5  to notify the agency that employment discrimination is claimed." *Ong*, 642 F.2d at 319. "[A]
6  claimant's failure to amend his charge to include a new claim is essentially the same as a
7  claimant's failure to file an EEOC charge for the new claim." *Albano v. Schering-Plough*
8  *Corp.,* 912 F.2d 384, 387 (9th Cir. 1990), *cert. denied,* 498 U.S. 1085 (1991).

9        While specific claims made in district court ordinarily must be presented to the
10 EEOC, district courts have jurisdiction over any charges of discrimination that are "like or
11 reasonably related to" the allegations made before the EEOC, as well as charges that are
12 within the scope of an EEOC investigation that reasonably could be expected to grow out of
13 the allegations. *Mamola v. Group Mfg. Services, Inc.*, 2010 WL 2643558, * 1 (D.Ariz. 2010)
14 (citing *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003) and *Sosa v. Hiraoka*, 920 F.2d
15 1451, 1456 (9th Cir. 1990)). A plaintiff's claim is reasonably related to the allegations in the
16 EEOC charge "to the extent that those claims are consistent with the plaintiff's original
17 theory of the case." *B.K.B.*, 276 F.3d at 1099 (finding that plaintiff's EEOC charge was
18 reasonably related to claims for both racial and sexual harassment where the incidents of
19 harassment detailed in her pre-complaint questionnaire related to both race and gender).
20 *Vasquez*, 349 F.3d at 645-646 (plaintiff exhausted administrative remedies regarding
21 retaliation for filing a grievance claim because the EEOC charge described the retaliation,
22 but plaintiff did not exhaust remedies for his claim of retaliation for filing the EEOC charge
23 because the alleged retaliation was committed by individuals not identified as perpetrators
24 in the EEOC charge and took place after the EEOC investigation); *Nilsson v. City of Mesa*,
25 503 F.3d 947, 953 (9th Cir. 2007) (holding that plaintiff's claim for disability discrimination
26 was not related to her EEOC charge for disability retaliation because the EEOC charge
27 merely claimed that the employer retaliated against her for filing a worker's compensation
28 claim, but never alleged disability discrimination). A plaintiff, however, does not sufficiently

1  exhaust administrative remedies "by merely mentioning the word 'discrimination' in his or
2  her EEOC administrative charge." *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 637
3  (9th Cir. 2002)

Although district courts must "construe the language of EEOC charges with utmost liberality since they are made by those unschooled in the technicalities of formal pleading . . . there is a limit to such judicial tolerance when principles of notice and fair play are involved." *Id.* at 636 (quoting *B.K.B.*, 276 F.3d at 1100) (internal quotations omitted). To determine whether a plaintiff's civil claim is reasonably related to the allegations in the EEOC charge, district courts must examine "such factors as the alleged basis for the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations" where the discrimination allegedly occurred. *Id.* (quoting *B.K.B.*, 276 F.3d at 1100) (quotation omitted).

Exhaustion is an affirmative defense that a defendant has the burden of raising and proving. *Kraus v. Presidio Trust Facilities Div./ Residential Mgmt. Branch*, 572 F.3d 1039, 1046 n. 7 (9th Cir. 2009) ("[W]hether a plaintiff in a Title VII action has timely exhausted her administrative remedies 'is an affirmative defense, [so] the defendant bears the burden of pleading and proving it.'" (quoting *Bowden v. United States*, 106 F.3d 433, 437 (D.C.Cir. 1997) (modification in original)).

**IV. Retaliation**

"Title VII prohibits, among other things, retaliation against an employee for making a charge or otherwise participating in a Title VII proceeding." *Nilsson*, 503 F.3d at 953 (citing 42 U.S.C. § 2000e-3(a)); see also *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093 (9th Cir. 2008) ("Employers may not retaliate against employees who have 'opposed any practice made an unlawful employment practice' by Title VII.") (quoting 42 U.S.C. § 2000e-3(a)). "To establish a claim of retaliation, a plaintiff must prove that (1) the plaintiff engaged in a protected activity, (2) the plaintiff suffered an adverse employment action, and (3) there was a causal link between the plaintiff's protected activity and the adverse employment action." *Poland v. Chertoff*, 494 F.3d 1174, 1179-80 (9th Cir. 2007).

**V. Constructive discharge**

Constructive discharge claims are cognizable under Title VII when an employee's decision to resign is an objectively appropriate response to intolerable working conditions. *Pennsylvania State Police v. Suders*, 542 U.S. 129, 134 (2004). Constructive discharge of an employee occurs "when an employer, rather than directly discharging an individual, intentionally creates an intolerable work environment that forces an employee to quit involuntarily." *Whidbee v. Garzarelli Food Specialties, Inc*., 223 F.3d 62, 73 (2d Cir. 2000).

**VI. Discussion**

Because Plaintiff's constructive discharge allegation can not be separated from the merits of Plaintiff's sexual harassment and retaliation claims, the Court takes all Plaintiff's allegations of material fact as true and construes them in the light most favorable to Plaintiff. *Federation of African Amer. Contractors*, 96 F.3d at 1207.

The Court finds that the Plaintiff's constructive discharge claim could reasonably be expected to grow out of the hostile work environment and retaliation claims she asserted in her EEOC charge. Examining the *B.K.B* factors, Plaintiff's constructive discharge claim is consistent with her sexual harassment and retaliation claims. *B.K.B*., 276 F.3d at 1100. No meaningful dates on this issue have been provided the Court except the dates Plaintiff filed her EEOC charge (April 2, 2007), the date she submitted her termination letter (November 12, 2008), and the date (December 11, 2009) of the EEOC issued its determination letter. If true, Plaintiff's constructive discharge occurred substantially before the EEOC completed and issued its December 11, 2009 determination letter. (Doc. 12-1, Exh 1 at 2) Perhaps no other dates, relevant information, or the scope of the EEOC's investigation[4] have been provided to the Court because the record was not fully developed

---

[4] The dearth of information provided the Court makes it sheer speculation whether Plaintiff's constructive discharge claim would naturally have been investigated as a part of the EEOC investigation of Plaintiff's original EEOC claims. The "scope of investigation" doctrine provides that "the judicial complaint must be limited to the scope of the EEOC

- 11 -

at the time RPI filed its motion, *viz*., on September 22, 2010. In fact, discovery in this case does not close until June 30, 2011. (Doc. 20 at 5)  RPI provides no information on, or contrast to, the alleged perpetrators and locations involved in all Plaintiff's claims that warrant an exhaustion finding on Plaintiff's constructive discharge claim. Additionally, RPI's reliance on *Ong* is not helpful to the analysis of the issue and facts *sub judice* because the *Ong* court found that Ong's constructive discharge claim differed substantially from his claim of discrimination in promotion presented to the EEOC. *Ong*, 642 F.2d at 320. RPI's argument that a constructive discharge is a distinct adverse action from an alleged involuntary transfer adds little to the analysis of whether Plaintiff's constructive discharge claim is "like or reasonably related to" the allegations Plaintiff made to the EEOC.   Further, the Court declines RPI's invitation to assume that Plaintiff's alleged constructive discharge is temporally unrelated to the allegations made to the EEOC because, as Plaintiff argues, RPI's unlawful acts continued beyond the April 2, 2007 EEOC filing date.

While there are cases that go both ways on whether a constructive discharge claim not presented to the EEOC was properly exhausted, the Court is persuaded that RPI has failed to meet its burden of proof on its affirmative defense (exhaustion) and, under the facts of this case, it is not unfair to RPI to defend a constructive discharge claim on the merits. *Dunbar v. County of Saratoga*, 358 F.Supp.2d 115, 129 (N.D.N.Y. 2005) (plaintiff's constructive discharge claim is not barred for failure to exhaust administrative remedy because it is based upon, at least in part, allegations that plaintiff was subjected to "obscene, offensive and degrading behavior," which fairly describes the allegations contained in her EEOC complaint.). *Contra*, *Diefenderfer v. Peters*, 2009 WL 1884419 (W.D.Wash. 2009); *Lybarger v. Potter*, 2009 WL 2407735 (W.D.Mo. 2009).

The Court is unable to determine that "it appears beyond doubt that [P]laintiff can prove no set of facts in support of [her constructive discharge] claim which would entitle

---

investigation reasonably expected to grow out of the charge of discrimination." *Tisdale v. Fed. Express Corp*., 415 F.3d 516, 527 (6th Cir. 2005).

- 12 -

[her] to relief." *Vignolo*, 120 F.3d at 1077. In an abundance of caution, the Court will conclude Plaintiff's constructive discharge claim is properly before the Court.

**VII. Conclusion**

Although it is undisputed that Plaintiff did not allege a constructive discharge claim at the time she filed her EEOC charge, or amend her charge at or after the time she submitted her termination letter, the Court nonetheless finds that RPI failed to prove that Plaintiff's constructive discharge claim is unrelated to her claims of sexual harassment and retaliation. Construing, as it must, Plaintiff's EEOC charge with "utmost liberality," the Court concludes that Plaintiff has not failed to exhaust her administrative remedies with regard to her constructive discharge claim.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss Plaintiff's Discharge Claim, Doc. 8, is **DENIED**.

DATED this 30th day of December, 2010.

Lawrence O. Anderson
United States Magistrate Judge